# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **CRIMINAL NO. JKB-16-0259** |
| **SAMUEL DIAZ RAMOS,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM & ORDER

The Defendant was originally indicted alongside multiple co-defendants in a six-count indictment, in which the Defendant was charged only in Count Six, conspiracy to commit money laundering, 18 U.S.C. § 1956(h), and not in Count One, the primary count of the indictment charging conspiracy to participate in a racketeering enterprise, 18 U.S.C. § 1962(d). The multi-defendant trial was scheduled to begin in June 2020. (*See* ECF No. 389.) In March, after denying the Defendant's first motion to sever his case for separate trial, the Court held a hearing and granted the Defendant's motion for reconsideration, setting a separate trial date for June 2019. (ECF No. 428; ECF No. 429.) In late May, the Government filed a Fourth Superseding Indictment, adding a charge against the Defendant under Count One. (ECF No. 468.) Now before the Court is the Government's motion for scheduling, which is, in effect, a motion to rejoin the Defendant for trial alongside his co-defendants in June 2020. (ECF No. 469.) The Defendant opposes the motion on the grounds that the timing of the new indictment raises a presumption of prosecutorial vindictiveness and violates due process. (ECF No. 472.)

The Supreme Court has recognized that "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." *Bordenkircher*

*v. Hayes*, 434 U.S. 357, 363 (1978) (citing *North Carolina v. Pearce*, 395 U.S. 711, 738 (1969) (Black, J., concurring in part)). In recognition of that principle, the Court has applied a "presumption of vindictiveness" in certain cases where there is a risk that prosecutorial decisions involving reindictment or sentencing may have stemmed from "vindictiveness against a defendant for having successfully attacked [a] first conviction." *Id.* at 362 (quoting *Pearce*, 395 U.S. at 725). Such a presumption does not apply, however, every time a prosecutorial decision detrimental to a defendant follows a defendant's exercise of a legal right. The presumption "is only warranted 'in cases in which a reasonable likelihood of vindictiveness exists.'" *United States v. Perry*, 335 F.3d 316, 324 (4th Cir. 2003) (quoting *United States v. Goodwin*, 457 U.S. 368, 373 (1982)). As the Supreme Court explained,

> the due process violation [with which the presumption of prosecutorial vindictiveness is concerned] lay not in the possibility that a defendant might be deterred from the exercise of a legal right, but rather in the danger that the State might be retaliating against the accused for lawfully attacking his conviction.

*Bordenkircher*, 434 U.S. at 363 (citing *Colten v. Kentucky*, 407 U.S. 104 (1972), *Chaffin v. Stynchcombe*, 412 U.S. 17 (1973), and *Blackledge v. Perry*, 417 U.S. 21 (1974)). On that basis, "a presumption of prosecutorial vindictiveness is generally warranted only in a post-conviction setting," and "[c]ourts have been extremely cautious in applying the presumption in the pretrial context." *United States v. Perry*, 335 F.3d at 324. The Supreme Court declined to apply the presumption to the threat or filing of new charges during the "give and take" of plea negotiations, *Bordenkircher*, 434 U.S. at 363, and the Fourth Circuit held that new charges filed after a mistrial did not warrant the presumption either, *Perry*, 335 F.3d at 324.

This Court concludes that the presumption is not warranted in this circumstance. The facts alleged in the Fourth Superseding Indictment, including newly added allegations specifically linking the Defendant to firearms, drugs, and decisions about violence, are sufficient to support

2

the charge under Count One. Contrary to the Defendant's suggestion, there is no inherent impropriety in adding a more serious charge in response to pre-trial developments, even if that charge might have been brought earlier. In *Bordenkircher*, the Supreme Court concluded that there was no due process violation in the decision to add a new charge where the prosecutorial conduct involved "no more than openly present[ing] the defendant with the unpleasant alternatives of forgoing [his] trial [rights] or facing charges on which he was plainly subject to prosecution." 434 U.S. at 365. Although *Bordenkircher* involved new charges brought after the rejection of a plea offer, and not, as here, after a severance motion seeking an earlier trial, this Court finds the reasoning in that case to be persuasive and sufficiently applicable to this context:

> In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by the statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Within the limits sets by the legislature's constitutionally valid definition of chargeable offenses, "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation...."

*Id.* at 364 (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)) (footnote omitted). In March, this Court refused to consider unindicted allegations as a basis for rejecting severance at that time. But, this Court is not willing to conclude—as Defendant's arguments would suggest—that the Government somehow lost the ability to seek indictment based on those allegations simply because it had not done so prior to the Defendant's successful severance motion.

The Court further finds, on the basis of the Fourth Superseding Indictment, that joinder under Federal Rule of Criminal Procedure 8(b) is appropriate. *See United States v. Akinkoye*, 185 F.3d 192, 197 (4th Cir. 1999) ("Generally, we adhere to the rule that defendants charged with participation in the same conspiracy are to be tried jointly.").

Accordingly, it is hereby ORDERED:

3

- The Government's motion for joinder (ECF No. 469) is GRANTED.

- The Scheduling Order setting trial in this matter for June 2019 (ECF No. 429) is VACATED. The Pretrial Conference previously scheduled for June 7, 2019 is also VACATED.

- Further proceedings in this case SHALL be governed by the dates and deadlines set out in ECF No. 389, as amended by ECF No. 438.

DATED this 6 day of June, 2019.

BY THE COURT:

James K. Bredar
Chief Judge